S09Y0117, S09Y0485. IN THE MATTER OF LEONANOUS A. MOORE (two cases).

(684 SE2d 71)

PER CURIAM.

Currently before us are six disciplinary actions initiated against Leonanous A. Moore stemming from conduct that took place in June 2006 and May 2007-January 2008. The June 2006 conduct is the subject of S09Y0485, in which a special master has recommended the imposition of disciplinary action ranging from a two-year suspension to disbarment for violations of Rules 1.15 (I)[1] and 8.4 (a) (4)[2] of the Georgia Rules of Professional Conduct found in Rule 4-102 (d) of the Rules and Regulations of the State Bar of Georgia. The remaining conduct is the subject of a Notice of Discipline in which the Investigative Panel of the State Disciplinary Board of the State Bar of Georgia found that Moore violated Rules 1.3,[3] 1.4,[4] 1.15 (I), (II),[5]

---

[1] A lawyer who receives funds in which a client has an interest shall promptly deliver the funds to the client, and where both lawyer and client have an interest in the funds, the funds shall be kept separate until there is an accounting and severance of interests.

[2] A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation.

[3] A lawyer shall act with reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to the lawyer.

[4] A lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information.

[5] Rule 1.15 (II) provides that all funds held by a lawyer for a client shall be deposited in and administered from a trust account; a lawyer shall not commingle personal funds in that account; records of trust account shall reflect at all times the balance held for each client; and a lawyer shall not withdraw funds from such trust account for the lawyer's personal use except

1.16,[6] 8.4, and 9.3[7] and recommends that Moore be disbarred.[8] In both disciplinary actions, Moore was served by publication (see Bar Rule 4-203.1 (b) (3) (ii)) and did not file a timely answer or notice of rejection of discipline, causing him to be in default and the facts alleged and violations charged to be deemed admitted. See Bar Rules 4-208.1 (b) and 4-212 (a).

The complaint in S09Y0485 is based upon Moore's service in June 2006 as the closing attorney for a real estate transaction. At closing, the HUD-1 settlement statement listed a sales price $9,000 higher than the price listed on the sales contract. The settlement statement also listed "cash to seller" of $16,329.84. Of this amount, the seller received $8,079.84 through a wire transfer and Moore wrote a check to the seller for the balance, but gave the check to the buyer's loan officer. The check has two endorsements, the first from the seller, which the seller's wife contends is a forgery, and the second from a third person who purportedly loaned money to the buyer to cover the buyer's down payment.

The facts deemed admitted in S09Y0117 show that Moore received $75,000 in May 2007 to hold in escrow pending the sale of real property and did not release the funds upon the buyer's default. In November 2006, Moore received $10,000 to hold in escrow pending the sale of real property and, upon the buyer's default, did not pay the funds to the seller as the parties had agreed, and has not paid the judgment the seller won by suing Moore for the funds. Moore served as a title agent for a title company from October 2006 until September 2007 and did not record the deeds in several of the real estate transactions which he closed. Moore's service as a title agent was terminated by the company in September 2007 following his payment of title insurance premiums with checks drawn on his trust account in which there were insufficient funds to cover the checks. Moore did not communicate with the title company and did not return files to the company after his termination. In October 2007 and January 2008, the State Bar received information of insufficient funds in two of Moore's trust accounts and Moore did not

---

earned attorney fees.

[6] Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

[7] During a grievance investigation, a lawyer shall respond to disciplinary authorities in accordance with State Bar Rules.

[8] We note that this Court imposed an interim suspension of Moore from the practice of law in December 2008 due to his failure to respond to a notice of investigation concerning his failure to pay bar dues. That suspension was lifted in May 2009 on motion of the Office of General Counsel of the State Bar following Moore's filing of a response. *In the Matter of Moore*, S09Y0358.

respond to requests for information regarding the accounts. In none of the instances chronicled in S09Y0117 did Moore submit a sworn response to the notice of investigation.

After a review of the record in S09Y0485, we conclude that Moore violated Rules 1.15 (I) and 8.4 (a) (4) by his actions in June 2006. After reviewing the record in S09Y0117, we conclude that Moore violated Rules 1.3, 1.4, 1.15 (I), (II), 1.16, 8.4, and 9.3. We determine that disbarment is the appropriate sanction for these violations. Accordingly, it is hereby ordered that the name of Leonanous A. Moore be removed from the rolls of persons authorized to practice law in the State of Georgia. Moore is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 8, 2009.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.