[932 NYS2d 528]

In the Matter of LEONANOUS A. MOORE (Admitted as LEONANOUS AUSTRALIA MOORE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 15, 2011

*Robert A. Green*, Hauppauge (*Robert Cabble* of counsel), for the petitioner.

**OPINION OF THE COURT**

Per Curiam.

The instant application is predicated upon an order of the Supreme Court of Georgia dated September 8, 2009 (285 Ga 731, 684 SE2d 71 [2009]), stemming from two disciplinary actions in which the respondent defaulted following service by publication. The facts deemed to have been established are as follows:

In June 2006, the respondent served as closing attorney in a real estate transaction. At closing, the HUD-1 settlement statement listed a sales price $9,000 higher than the price listed on the sales contract. The settlement statement also listed "cash to seller" in the sum of $16,329.84. Of this amount, the seller received the sum of $8,079.84 through a wire transfer, and the respondent wrote a check to the seller for the balance, but gave the check to the buyer's loan officer. The check had two endorsements, the first from the seller, which the seller's wife contends is a forgery, and the second from a third person who purportedly loaned money to the buyer to cover the buyer's down payment.

In November 2006, the respondent received $10,000 to hold in escrow pending the sale of real property and, upon the buyer's default, did not pay the funds to the seller as the parties had agreed, and did not pay the judgment the seller won by suing the respondent for the funds.

In May 2007, the respondent received $75,000 to hold in escrow pending the sale of real property and did not release the funds upon the buyer's default.

From October 2006 until September 2007, the respondent served as a title agent for a title company and did not record the deeds in several of the real estate transactions which he closed. The respondent's service as a title agent was terminated by the company in September 2007, following his payment of title insurance premiums with checks drawn on his trust account in which there were insufficient funds to cover the checks.

The respondent did not communicate with the title company and did not return files to them after his termination.

In October 2007 and January 2008, the State Bar of Georgia received information of insufficient funds in two of the respondent's trust accounts and the respondent did not respond to requests for information regarding the accounts.

Based upon the foregoing, the Supreme Court of Georgia concluded that the respondent violated rule 1.3 of bar rule 4-102 of the Georgia Rules of Professional Conduct (a lawyer shall act with reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to the lawyer), rule 1.4 (a lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information), rule 1.15 (I) (a lawyer who receives funds in which a client has an interest shall promptly deliver the funds to the client, and where both lawyer and client have an interest in the funds, the funds shall be kept separate until there is an accounting and severance of interests), rule 1.15 (II) (all funds held by a lawyer for a client shall be deposited in and administered from a trust account; a lawyer shall not commingle personal funds in that account; records of trust accounts shall reflect at all times the balance held for each client; and a lawyer shall not withdraw funds from such trust account for the lawyer's personal use except earned attorney's fees), rule 1.16 (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fees that have not been earned), rule 8.4 (a) (4) (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation) and rule 9.3 (during a grievance investigation, a lawyer shall respond to disciplinary authorities in accordance with State Bar Rules of the Georgia Rules of Professional Conduct).

Based upon the foregoing, the Supreme Court of Georgia concluded that disbarment was the appropriate sanction and ordered that the respondent's name be removed from the roll of persons authorized to practice law in the State of Georgia.

Inasmuch as the respondent has not asserted any of the enumerated defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Tenth

Judicial District is granted and the respondent is disbarred in New York.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and CHAMBERS, JJ., concur.

Ordered that the petitioner's application to impose discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Leonanous A. Moore, admitted as Leonanous Australia Moore, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Leonanous A. Moore, admitted as Leonanous Australia Moore, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Leonanous A. Moore, admitted as Leonanous Australia Moore, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Leonanous A. Moore, admitted as Leonanous Australia Moore, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).